Andrea L. Richard
State Bar No. 5-2848
THE RICHARD LAW FIRM, P.C.
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com
*Attorney for Plaintiff*

**FILED**



9:03 am, 12/23/20

**Margaret Botkins**
**Clerk of Court**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **AMANDA RILEY,** an individual, | **CIVIL ACTION NO.** __20-CV-243-SWS |
| Plaintiff, | |
| v. | **COMPLAINT** |
| **SAMUEL ENGINEERING, INC.,** a Wyoming corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

**COMES NOW**, Plaintiff Amanda Riley, by and through her undersigned counsel, and for her *Complaint* against Defendant Samuel Engineering, Inc., ("Samuel Engineering") respectfully states and alleges as follows:

### NATURE OF THE ACTION - OVERVIEW

1.     Plaintiff Amanda Riley began working for Samuel Engineering in January of 2018 as a Drafter in its office in Rock Springs, Wyoming.

2.     Ms. Riley was a dedicated employee.  She demonstrated her skills and her desire to advance at Samuel Engineering.

3.      Shortly after she started working for Samuel Engineering, Ms. Riley faced harassment and discrimination in the workplace, including harassment and discrimination by her supervisor, Rodney Rasmusson.

4.      The harassment she faced included, but was not limited to, sexually suggestive comments and gestures, verbal abuse, and humiliation.

5.      The harassment and discrimination directed at Ms. Riley in Samuel Engineering's workplace was severe and pervasive.

6.      Ms. Riley further faced discrimination based on her sex and her disability, which included, but was not limited to, unequal pay, demotion, and discharge.

7.      Despite Samuel Engineering's lack of an accessible reporting mechanism and Mr. Rasmusson's efforts to prevent and discourage reporting, Ms. Riley asked for help and reported the harassment on more than one occasion.  For example, Ms. Riley asked for help and reported the harassment and discrimination that was being directed towards her to Mr. Rasmusson's supervisor, Zyg Samiec.

8.      Ms. Riley's reports were ignored.  Instead, of taking action, Samuel Engineering and its representatives appeared to protect the harasser.

9.      Further, Samuel Engineering informed Mr. Rasmusson of Ms. Riley's reports and allowed him to take retributive and unlawful actions against her.

10.     Samuel Engineering laid off and subsequently fired Ms. Riley in retaliation for her reports of sexual harassment and disability discrimination.

## FACTS

1.      Samuel Engineering hired Ms. Riley as a drafter on January 15, 2018.

2.      Mr. Rasmusson began harassing Ms. Riley almost as soon as she was hired.

3.      Ms. Riley reported Mr. Rasmusson's initial discriminatory behavior, such as his calling her "the girl" instead of her name, to Zyg Samiec in January of 2018.

4.      Mr. Samiec informed Mr. Rasmusson of Ms. Riley's report.

5.      Mr. Rasmusson chastised Ms. Riley for reporting his behavior.

6.      Ms. Riley was told not to report any concerns to the Denver office.

7.      Samuel Engineering, through its representatives and/or agents, subjected Plaintiff Ms. Riley to harassment and discrimination, which included, but is not limited to the following:

8.      Mr. Rasmusson forced Ms. Riley to crawl around on the office floor and trim the carpet with scissors. He then forced her to go under his desk, at which point he commented, "Bet you never thought you'd be under your boss' desk on your hands and knees."

9.      Mr. Rasmusson stopped outside Ms. Riley's office window, unzipped his pants, stuck his finger out of the hole, and wiggled it around in a suggestive manner.

10.     Mr. Rasmusson refused to call Ms. Riley by her name, insisting on calling her "girl" or "the girl."

11.     Mr. Rasmusson consistently made sexually aggressive and/or suggestive comments to Ms. Riley, including suggesting that something of a sexual nature would happen if they closed his office door while they had work meetings.

12.     Ms. Riley faced consistent harassment from Mr. Rasmusson to the point that she could barely go a week without Mr. Rasmusson directing improper comments or aggression towards her.

13.     Upon information and belief, a number of other female employees of Samuel Engineering have been subjected to a hostile and abusive work environment where they have

been harassed, ridiculed, demeaned, and denied a full and fair opportunity to do equal work because of Mr. Rasmusson's actions and behavior.

14.     Upon information and belief, other women working at the Samuel Engineering office quit because of the hostile work environment created by Mr. Rasmusson

15.     In fact, Mr. Rasmusson drove so many women out of the office that Ms. Riley was at one point the only woman employed there.

16.     Further, Mr. Rasmusson himself stated, and even bragged, that he had been reported several times to Samuel Engineering's HR Department and had yet to be disciplined for his actions because he was a favorite at HQ.

17.     Ms. Riley made Mr. Rasmusson aware that she may need some additional training on certain specialized software and related applications and programs.  On behalf of Samuel Engineering, Mr. Rasmusson assured Ms. Riley that her need for some additional training and assistance was ok and Mr. Rasmusson promised that Ms. Riley would receive said training.

18.     Ms. Riley disclosed her disability to Mr. Rasmusson.

19.     Ms. Riley requested clarification on an early project.

20.     Despite Ms. Riley's qualifications and diagnosed disabilities, Samuel Engineering, through its representative Mr. Rasmusson, refused to engage in an interactive process with Ms. Riley to identify any reasonable accommodations necessary for her to perform her work as a drafter.

21.     Instead of providing Ms. Riley with this very reasonable accommodation (one that even fully abled employees should be entitled to), Samuel Engineering allowed Mr. Rasmusson to demote Ms. Riley and to continuously berate and abuse her.

22.     Samuel Engineering, through its representative, Mr. Rasmusson, subjected Ms. Riley to ongoing harassment and discrimination because of her disability, including, but not limited to:

     a.  Mr. Rasmusson began giving Ms. Riley simpler and more demeaning tasks for someone who had been hired as a drafter (taking out everyone's trash, making everyone coffee, trimming the carpet with scissors) and berating her if she did not complete those tasks, even though they were never in her job description.

     b.  Mr. Rasmusson treated Ms. Riley as if she were a child, saying "I do not have enough time, crayons, or coloring books to explain this to you again."

     c.  After Ms. Riley discussed her disability with Mr. Rasmusson, he explicitly told her that he would not have hired her if he had known about her disabilities, despite the fact that they do not prevent her from performing the essential functions of a drafter.

     d.  Mr. Rasmusson demoted Ms. Riley because of her disabilities, refused to afford her reasonable accommodations, and denied her employment as a drafter, denied her opportunity to be promoted, and denied her reinstatement.

23.     As a result, Mr. Rasmusson demoted Ms. Riley and hired a male drafter to take her place, claiming that she would be reinstated as a drafter when someone had time to train her.

24.     Mr. Rasmusson continued to claim to third parties that Ms. Riley was working on drafting projects, even though she was not.  Instead, Mr. Rasmusson was requiring that Ms. Riley perform secretarial duties.

25.     Ms. Riley was not reinstated as a drafter, even after Samuel Engineering's busy period had passed and there was sufficient time to train her.

26.     Mr. Rasmusson continued to harass and discriminate against Ms. Riley.

27.     Ms. Riley again asked for help and reported Mr. Rasmusson's actions and harassment towards her to Mr. Samiec on January 1, 2019.

28.     Samuel Engineering failed to act.

29.     As a result of Mr. Rasmusson's increasingly pervasive and hostile abuse, harassment, and discrimination, Ms. Riley was ultimately hospitalized for approximately one week.

30.     After Ms. Riley was released from her hospitalization, she contacted Samuel Engineering about returning to work.

31.     In response, Samuel Engineering laid off Ms. Riley.

32.     Further, shortly thereafter Mr. Rasmusson had a discussion with Ms. Riley and indicated to her and told her that although she was laid off, she would be returning to work.

33.     However, Mr. Rasmusson later called Ms. Riley and informed her that she was being discharged and fired by Samuel Engineering.

34.     Mr. Rasmusson replaced Ms. Riley with a male drafter.

## JURISDICTION AND VENUE

35.     This Court has jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 16(c) and Section 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

36.     Samuel Engineering employs more than 50 employees and is an employer within the meaning of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. (sometimes referred to as "Title VII").

37.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 in that this case arises under federal law, specifically Title VII, the Due Process Clause of the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

38.     Venue is proper in the District of Wyoming pursuant to Section 706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3), because Defendant's unlawful actions, including Defendant's unlawful retaliation, giving rise to Plaintiff's claims, occurred in this District.

39.     This Court has pendant jurisdiction over the state law claims contained herein.

40.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Wyoming.

## PARTIES

41.     Plaintiff Amanda Riley is an individual who lives in Superior, Wyoming.

42.     Upon information and belief, Samuel Engineering, Inc. has its headquarters in Greenwood Village, Colorado.  Samuel Engineering, Inc., also has and/or operates a Wyoming for-profit corporation, filing ID 2011-000598295, formed on March 9, 2011.  Samuel Engineering, Inc.'s principal address is 8450 E Crescent Pkwy Suite 200, Greenwood Village, CO 80111 and its mailing address is the same.  The Registered Agent is National Registered Agents, Inc., 1908 Thomes Ave., Cheyenne, WY 82001.

## ADMINISTRATIVE PROCEDURES

43.     More than thirty (30) days prior to the institution of this lawsuit, Ms. Amanda

Riley filed a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and the

Wyoming Department of Workforce Services, Fair Labor Standards, alleging violations of Title

VII and the Equal Pay Act (EPA) and related discrimination by Samuel Engineering, Inc.

44.     The EEOC provided Samuel Engineering with notice of the charge.

45.     Over one hundred eighty (180) days after Plaintiff filed her charge, the U.S. Equal

Employment Opportunity Commission issued a right to sue notice authorizing this lawsuit, a true

and correct copy of which is attached hereto as Exhibit A and incorporated by this reference.

## FIRST CLAIM FOR RELIEF – ADA FAILURE TO ACCOMMODATE – 42 U.S.C. § 12111 et. seq.

46.     The allegations contained in the foregoing paragraphs are incorporated herein by

reference.

47.     Ms. Riley meets the qualifications to be a drafter. She was trained as a draftsman

and was told by Mr. Rasmusson himself that she was qualified and would receive any necessary

additional training.

48.     Ms. Riley is a qualified individual able to perform the essential functions of the

draftsman position.

49.     Ms. Riley is also a qualified individual with diagnosed disabilities within the

meaning of the Americans with Disabilities Act ("ADA").

50.     Samuel Engineering was informed of the need for an accommodation for Ms.

Riley due to her disabilities.

51.     Providing the accommodations, such as a small amount of additional time and

explanation of project instructions, would have been reasonable, meaning that the costs of the accommodations would not have clearly exceeded its benefits.

52.     Defendant failed to provide the requested additional training, time and explanation or any other reasonable accommodation.

53.     As set forth herein, Plaintiff Amanda Riley, who is an otherwise qualified individual with disabilities, requested reasonable accommodation from Samuel Engineering.

54.     Samuel Engineering failed to engage in an interactive process with Ms. Riley to establish what accommodations they could reasonably provide her.

55.     Ms. Riley attempted to engage in such a process when she requested that Mr. Rasmusson have patience with her and work with her as her disability sometimes requires that she ask clarifying questions and receive additional instructions or explanation on occasion.

56.     Since Ms. Riley was hired by Samuel Engineering in January of 2018, Samuel Engineering engaged in unlawful employment practices in violation of the Americans with Disabilities Act, 42 U.S.C. § 12111, et. seq., by failing to engage in an interactive process to identify and afford reasonable accommodation to Plaintiff.

57.     Further, after disclosing to Mr. Rasmusson her disabilities, he perceived her to be substantially limited in her work and treated her differently because of this perception.

58.     The effects of the Defendant's practices, described above, have been to deprive Ms. Riley of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

59.     The unlawful employment practices described herein were done with malice or with reckless indifference to the federally protected rights of Ms. Riley.

60.     As a direct and proximate result of Samuel Engineering's actions and inactions,

Ms. Riley has suffered, and will continue to suffer, pain and suffering, and extreme and severe

mental anguish and emotional distress, and she has suffered, and will continue to suffer, a loss of

earnings and other employment benefits and job opportunities.  Ms. Riley is thereby entitled to

general and compensatory damages in amounts to be proven at trial.

61.     As a further direct and proximate result of the Defendant's violation of her rights

to due process, Ms. Riley has been compelled to retain the services of counsel in an effort to

enforce the terms and conditions of the employment relationship with Defendant and has thereby

incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be

awarded pursuant to 42 U.S.C. § 1988.

## SECOND CLAIM FOR RELIEF – HARASSMENT --HOSTILE WORK ENVIRONMENT – Violation of the ADA, 42 U.S.C. § 12112(a) and/or 42 U.S.C. § 12203(b).

62.     The allegations contained in the foregoing paragraphs are incorporated herein by

reference.

63.     Since Ms. Riley was hired by Samuel Engineering in January of 2018, Samuel

Engineering has subjected Plaintiff to harassment and this harassment was motivated by Ms.

Riley's disabilities and/or requests for accommodation.

64.     Ms. Riley has a disability within the meaning of the ADA.

65.     Ms. Riley is a qualified individual within the meaning of the ADA.

66.     Ms. Riley was subjected to the hostile work environment as well as the harassing

and abusive conduct set forth and described in this Complaint by Samuel Engineering and its

representatives, agents, and/or employees.

67.     The hostile work environment and the harassing and abusive conduct directed to

Ms. Riley was not welcomed by Ms. Riley.

68.     Samuel Engineering's conduct, through its employees, agents and representatives, was motivated by the fact that Ms. Riley has a disability as defined by the ADA and/or sought accommodation for that disability.

69.     The conduct was so severe or pervasive that a reasonable person in Ms. Riley's position would find the work environment to be hostile or abusive.

70.     Ms. Riley suffered adverse tangible employment action as a result of the hostile work environment and abuse directed towards her.

71.     Ms. Riley's diagnosed disabilities were exacerbated by the harassment and abuse directed towards her by Defendant.

72.     Samuel Engineering further subjected Ms. Riley to unwelcome conduct including severe and pervasive harassment and an abusive work environment because of her disabilities.

73.     The effects of the Defendant's practices, described above, have been to deprive Ms. Riley of equal employment opportunities and otherwise adversely affect her employment status because of her disability.

74.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Riley.

75.     As a direct and proximate result of Samuel Engineering's actions and inactions, Ms. Riley has suffered, and will continue to suffer, pain and suffering, and extreme and severe mental anguish and emotional distress, and she has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Ms. Riley is thereby entitled to general and compensatory damages in amounts to be proven at trial.

76.     As a further direct and proximate result of the Defendant's violation of her rights to due process, Ms. Riley has been compelled to retain the services of counsel in an effort to

enforce the terms and conditions of the employment relationship with Defendant and has thereby

incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be

awarded pursuant to 42 U.S.C. § 1988.

## THIRD CLAIM FOR RELIEF – TITLE VII SEVERE AND PERVASIVE SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT – 42 U.S.C. § 2000(e)-2(a)

77.     The allegations contained in the foregoing paragraphs are incorporated herein by

reference.

78.     Since Ms. Riley was hired, Samuel Engineering has engaged in unlawful

employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a), by

engaging in severe and pervasive sexual harassment and creating an abusive work environment.

79.     Ms. Riley is a woman and is protected under Title VII.

80.     Samuel Engineering subjected Ms. Riley to unwelcome conduct including severe

and pervasive sexual harassment and an abusive working environment based on her status as a

woman.

81.     Ms. Riley viewed the harassment as creating an abusive work environment and a

"reasonable" person would also view the work environment as abusive.

82.     The effects of the Defendant's practices, described above, have been to deprive

Ms. Riley of equal employment opportunities and otherwise adversely affect her employment

status because of her sex.

83.     The unlawful employment practices complained of above were done with malice

or with reckless indifference to the federally protected rights of Ms. Riley.

84.     As a direct and proximate result of Samuel Engineering's actions and inactions,

Ms. Riley has suffered, and will continue to suffer, pain and suffering, and extreme and severe

mental anguish and emotional distress, and she has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities. Ms. Riley is thereby entitled to general and compensatory damages in amounts to be proven at trial.

85.     As a further direct and proximate result of the Defendant's violation of her rights to due process, Ms. Riley has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs. Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. § 1988.

**FOURTH CLAIM FOR RELIEF – TITLE VII COMPENSATION DISCRIMINATION – 42 U.S.C. § 2000(e)-2(a)**

86.     The allegations contained in the foregoing paragraphs are incorporated herein by this reference.

87.     Since Ms. Riley was hired by Samuel Engineering in January of 2019, Samuel Engineering has engaged in unlawful employment practices in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000(e)-2(a), by discriminating against Ms. Riley with respect to compensation.

88.     Ms. Riley occupied the same position as other, male, drafters who were paid at a higher rate.

89.     The effects of the practices described above have been to deprive Ms. Riley of equal employment opportunities and otherwise adversely affect her employment status because of her sex.

90.     The unlawful employment practices complained of above were intentional.

91.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Ms. Riley.

92.     As a direct and proximate result of Samuel Engineering's actions and inactions, Ms. Riley has suffered, and will continue to suffer, pain and suffering and extreme and severe mental anguish and emotional distress; Ms. Riley has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Ms. Riley is thereby entitled to general and compensatory damages in amounts to be proven at trial.

93.     As a further direct and proximate result of the Defendant's violation of her rights to due process, Ms. Riley has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. § 1988.

## FIFTH CLAIM FOR RELIEF – VIOLATION OF THE EQUAL PAY ACT – 29 U.S.C. §§ 206(d)(1) & 215(a)(2)

94.     The allegations contained in the foregoing paragraphs are incorporated herein by reference.

95.     Since January of 2018, Samuel Engineering has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) & 215(a)(2), by paying female drafters wages at a rate less than the rate at which male drafters are paid.

96.     At all relevant times, Ms. Riley, while employed by Samuel Engineering, was qualified to perform work as a drafter and was classified as a drafter.  At all relevant times, Ms. Riley worked under conditions similar to male drafters, except that Ms. Riley was subjected to discrimination and an extremely hostile work environment, as described herein.

97.     At all relevant times, Samuel Engineering paid Ms. Riley at lower rates than her male counterparts.

98.    As a result of the acts described herein, Samuel Engineering unlawfully withheld and is continuing to withhold payment of wages due to Ms. Riley.

99.    The unlawful practices complained of above were and are willful.

100.    As a direct and proximate result of Samuel Engineering's actions and inactions, Ms. Riley has suffered, and will continue to suffer, pain and suffering and extreme and severe mental anguish and emotional distress; Ms. Riley has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Ms. Riley is thereby entitled to general and compensatory damages in amounts to be proven at trial.

101.    As a further direct and proximate result of the Defendant's violation of her rights to due process, Ms. Riley has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with Defendant and has thereby incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be awarded pursuant to 42 U.S.C. § 1988.

## SIXTH CLAIM FOR RELIEF – RETALIATION AND/OR CONSTRUCTIVE DISCHARGE BECAUSE OF SEX AND DISABILITY – 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a)

102.    The allegations contained in the foregoing paragraphs are incorporated herein by reference.

103.    In Ms. Riley's case, beginning on or about January of 2018, Samuel Engineering engaged in unlawful employment practices, in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a) and Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a) by retaliating against and constructively discharging Ms. Riley because of her sex and disability.

104.     By asking her supervisors and manger for help and by asking them to address and stop the hostile work environment and sexual harassment, Ms. Riley engaged in protected activity and opposition to discrimination.

105.     After Ms. Riley reported the abusive and hostile work environment and asked for help, the hostile work environment and harassment continued and became worse.  Samuel Engineering, through its representatives and otherwise, took materially adverse action towards Ms. Riley by making the work environment increasingly hostile and abusive.

106.     Further, Samuel Engineering took materially adverse action towards Ms. Riley when they terminated her following her reports of harassment and discrimination.

107.     There is a causal connection between Ms. Riley's protected activity and opposition to the discrimination and the materially adverse action and escalating hostile work environment and harassment.

108.     At the time she was forced out and kept out of her job, Ms. Riley was performing her work in a satisfactory manner.

109.     The retaliation and work conditions at Samuel Engineering in Rock Springs were sufficiently intolerable that a reasonable employee would have experienced them as retaliation.

110.     A reasonable employee would additionally experience termination as materially adverse and as retaliation.

111.     The unlawful employment practices described above were intentional.

112.     The unlawful employment practices of Samuel Engineering complained of herein were done with malice or with reckless indifference to the federally protected rights of Ms. Riley.

113.    As a direct and proximate result of Samuel Engineering's actions and inactions,

Ms. Riley has suffered, and will continue to suffer, pain and suffering and extreme and severe

mental anguish and emotional distress; Ms. Riley has suffered, and will continue to suffer, a loss

of earnings and other employment benefits and job opportunities.  Ms. Riley is thereby entitled

to general and compensatory damages in amounts to be proven at trial.

114.    As a further direct and proximate result of the Defendant's violation of her rights

to due process, Ms. Riley has been compelled to retain the services of counsel in an effort to

enforce the terms and conditions of the employment relationship with Defendant and has thereby

incurred, and will continue to incur, legal fees and costs.  Plaintiff requests that attorneys' fees be

awarded pursuant to 42 U.S.C. § 1988.

## SEVENTH CLAIM FOR RELIEF:  INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

115.    Plaintiff incorporates herein the allegations contained in the foregoing paragraphs

of this *Complaint* by reference as if set forth fully herein.

116.    As set forth herein, Samuel Engineering's conduct was extreme and outrageous;

117.    The actions and conduct of Samuel Engineering and its agents, employees and

representatives intentionally or recklessly caused Ms. Riley to suffer severe emotional distress

and harm; and

118.    As a result of the action and conduct of Samuel Engineering and its agents,

employees and representatives, Ms. Riley suffered severe emotional distress.

119.    Samuel Engineering and its agents, employees, and representatives knew that

emotional distress would probably result from their conduct or they gave little or no thought to

the probable effects of their conduct.

120.     Specifically, as a result of the hostile work environment, discrimination, sexual harassment, abuse and outrageous conduct by Samuel Engineering and its agents, employees and representatives, Ms. Riley experienced suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, shame, and the like.

121.     Ms. Riley's emotional distress was severe.  It was not mild or brief.  She experienced distress so substantial and lasting that no reasonable person should be expected to bear it.

122.     Several factors demonstrate that the conduct and actions of Samuel Engineering towards Ms. Riley were outrageous.

123.     Samuel Engineering and those acting as its agents and representatives had greater power at the workplace than Ms. Riley did.  By creating and enabling an abusive, hostile and outrageous workplace, Samuel Engineering and its agents and representatives abused their power over Ms. Riley. Their power over Ms. Riley enhanced their ability to do harm to Ms. Riley.

124.     Samuel Engineering's conduct was further made outrageous by its retaliation towards her for opposing and reporting the sexual advances and hostile work environment.

125.     As set forth above, Ms. Riley was subjected to repeated incidents and a pattern of harassment and abuse.

126.     As a direct and proximate result of Samuel Engineering's actions and inactions, Ms. Riley has suffered, and will continue to suffer, pain and suffering and extreme and severe mental anguish and emotional distress.

127.     Ms. Riley has suffered, and will continue to suffer, a loss of earnings and other employment benefits and job opportunities.  Ms. Riley is thereby entitled to general and compensatory damages in amounts to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Amanda Riley respectfully prays to this Court for the following:

A.      On Ms. Riley's claim for ADA Failure to Accommodate, for a judgment ordering specific performance by Samuel Engineering, Inc. and for a judgment against Defendant and in favor of Ms. Riley for all of Ms. Riley's direct and consequential damages, including all lost future wages and damages, in an amount to be determined by a jury, plus interest; and

B.      On Ms. Riley's claim for ADA/Disability Harassment and Hostile Work Environment, for a judgment ordering specific performance by Samuel Engineering, Inc. and for a judgment against Defendant and in favor of Ms. Riley for all of Ms. Riley's direct and consequential damages, including all lost future wages and damages, in an amount to be determined by a jury, plus interest; and

C.      On Ms. Riley's claim for Title VII Severe and Pervasive Sexual Harassment and Hostile Work Environment, for a judgment ordering specific performance by Samuel Engineering, Inc., and for a judgment against Defendant and in favor of Ms. Riley for all of Ms. Riley's direct and consequential damages, including all lost future wages and damages, in an amount to be determined by a jury, plus interest; and

D.      On Ms. Riley's claims for Title VII Compensation Discrimination and Violation of the Equal Pay Act, for a judgment ordering specific performance by Samuel Engineering, Inc., and for a judgment against Defendant and in favor of Ms. Riley for all of Ms. Riley's direct and consequential damages (back pay) in an amount to be proven at trial, plus interest; and

E.      On Ms. Riley's claim for Retaliation and Constructive Discharge Because of Sex and Disability, for a judgment ordering specific performance by Samuel Engineering, Inc., and

for a judgment against Defendant and in favor of Ms. Riley for all of Ms. Riley's direct and

consequential damages, including all lost future wages and damages, in an amount to be

determined by a jury, plus interest; and

      F.      On Ms. Riley's claim for Intentional Infliction of Emotional Distress, for a

judgment against Defendant finding that Defendant knowingly, purposefully, and intentionally

inflicted emotional distress upon Ms. Riley that caused harm to Plaintiff, and Plaintiff was

damaged by Defendant's misconduct in an amount greater than and beyond her general,

compensatory, and consequential damages to be proven at trial, as well as punitive damages in

an amount sufficient to punish Defendant and to deter future conduct like that exhibited by

Defendant, such that other persons will be deterred from such conduct as well as the Defendant;

and

      G.      Order Samuel Engineering, Inc. to pay Ms. Riley punitive damages for its

malicious conduct or reckless indifference to Ms. Riley's federally protected rights, as described

above, in amounts to be determined at trial; and

      H.      On all her claims, award Ms. Riley compensatory damages, back pay, and front

pay in an amount to be determined by the jury; and

      I.      Grant injunctive relief; and

      J.      Award attorney and expert witness fees as allowed by statute; and

      K.      Award pre-judgment interest at the maximum legal rate; and

      L.      Award interest on the judgment at the maximum legal rate; and

      M.      Award costs of suit herein; and

      N.      Grant such further relief as the Court deems necessary and proper.

## JURY DEMAND

Plaintiff, by and through her counsel, pursuant to Federal Rule of Civil Procedure 38,

hereby requests that this matter be tried to a jury of six.

RESPECTFULLY SUBMITTED this 22nd day of December, 2020.

THE RICHARD LAW FIRM, P.C.

Andrea L. Richard
Wyoming State Bar No. 5-2848
P.O. Box 1245
290 E. Broadway, Suite 904
Jackson, Wyoming 83001
Tel. 307.732.6680
Fax 307.200.4280
andrea@arichardlaw.com

*Attorney for Plaintiff*

EEOC Form 161 (1/08)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: **Amanda A. Riley**
**P.O. Box 114**
**Superior, WY 82945**

From: **Denver Field Office**
**950 17th Street**
**Suite 300**
**Denver, CO 80202**

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **32K-2019-00124** | Philip Gross,<br>Supervisory Investigator | (303) 866-1318 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act**: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS from your receipt of this Notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA)**: EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____ for    **9/29/2020**

Enclosure(s)

Amy Burkholder,
**Field Office Director**

*(Date Mailed)*

cc:    SAMUEL ENGINEERING, INC.
Hall & Evans LLC
THE RICHARD LAW FIRM

