Kendra K. Smith (admitted by pro hac)
Hall & Evans, LLC
10017 17th Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3800
Smithk@hallevans.com

Meggan J. Nicholas (WY Bar #7-4856)
Hall & Evans, LLC
152 N. Durbin St., Ste. 404
Casper, WY 82601
Telephone: (307) 333-6701
Facsimile: (307) 333-6352
nicholasm@hallevans.com
*Attorneys for Samuel Engineering, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| AMANDA RILEY, an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 20-CV-243-SWS |
| | ) | |
| SAMUEL ENGINEERING, INC., a | ) | |
| Wyoming corporation, | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT
## AND DEFENDANT'S DEMAND FOR JURY TRIAL

---

Defendant Samuel Engineering, Inc., by and through its attorneys, HALL & EVANS, LLC, hereby respectfully submits this Answer to Plaintiff's Complaint and Defendant's Demand for Jury Trial, as follows:

## <u>NATURE OF THE ACTION – OVERVIEW</u>

1.      Defendant Samuel Engineering, Inc. ("Defendant") admits that Plaintiff was hired on or about January 26, 2018, as a Drafter in Defendant's Rock Springs, Wyoming office.

2.      Defendant denies the allegations of paragraph 2 of Plaintiff's Complaint.

3.      In response to paragraph 3 of Plaintiff's Complaint, Defendant admits Plaintiff's supervisor was Rodney Rasmusson.  Defendant states the remaining allegations of paragraph 3 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant. To any extent a response is required, the remaining allegations in paragraph 3 of Plaintiff's Complaint are denied.

4.      Defendant states the allegations of paragraph 4 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 4 of Plaintiff's Complaint are denied.

5.      Defendant states the allegations of paragraph 5 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 5 of Plaintiff's Complaint are denied.

6.      Defendant states the allegations of paragraph 6 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To any extent a response is required, the allegations in paragraph 6 of Plaintiff's Complaint are denied.

7.      Defendant denies the allegations of paragraph 7 of Plaintiff's Complaint.

8.      Defendant denies the allegations of paragraph 8 of Plaintiff's Complaint.

9.      Defendant denies the allegations of paragraph 9 of Plaintiff's Complaint.

10.      Defendant denies the allegations of paragraph 10 of Plaintiff's Complaint.

**FACTS**

1.      In response to paragraph 1 of the Facts section of Plaintiff's Complaint[1], Defendant admits it hired Plaintiff as a Drafter.  Defendant denies the remaining allegations of paragraph 1 of the Facts section of Plaintiff's Complaint and affirmatively states that on or about January 19, 2018, Defendant  made an offer of employment to Plaintiff for the position of  Drafter, and Plaintiff did not began work until on or about January 26, 2018.

2.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of the Facts section of Plaintiffs' Complaint and therefore denies same.

3.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 3 of the Facts section of Plaintiffs' Complaint and therefore denies same.

4.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 4 of the Facts section of Plaintiffs' Complaint and therefore denies same.

5.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 5 of the Facts section of Plaintiffs' Complaint and therefore denies same.

---

[1] Plaintiff repeats the numbering system under the section entitled, "Facts" in Plaintiff's Complaint.  As a result, there are duplicate paragraph numbers 1 through 10 contained in Plaintiff's Complaint.

6.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 6 of the Facts section Plaintiffs' Complaint and therefore denies same.

7.      Defendant denies the allegations of paragraph 7 of the Facts section of Plaintiff's Complaint.

8.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8 of the Facts section of Plaintiffs' Complaint and therefore denies same.

9.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 9 of the Facts section of Plaintiffs' Complaint and therefore denies same.

10.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 10 of the Facts section of Plaintiffs' Complaint and therefore denies same.

11.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 11 of Plaintiffs' Complaint and therefore denies same.

12.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 12 of Plaintiffs' Complaint and therefore denies same.

13.      Defendant denies the allegations of paragraph 13 of Plaintiff's Complaint.

14.      Defendant denies the allegations of paragraph 14 of Plaintiff's Complaint.

15.      Defendant denies the allegations of paragraph 15 of Plaintiff's Complaint.

16.      Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 16 of Plaintiffs' Complaint and therefore denies same.

17.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 17 of Plaintiffs' Complaint and therefore denies same.

18.     Defendant denies the allegations of paragraph 18 of Plaintiff's Complaint.

19.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 19 of Plaintiffs' Complaint and therefore denies same.

20.     Defendant denies the allegations of paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations of paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations of paragraph 22 of Plaintiff's Complaint, including all allegations contained within paragraph 22, subparagraphs (a) through (d).

23.     In response to paragraph 23 of Plaintiff's Complaint, Defendant admits Plaintiff transitioned away from the role of Drafter, and affirmatively states, early in Plaintiff's employment, Defendant learned that despite Plaintiff claimed to be an experienced drafter, she had minimal experience and expertise in that role.  Defendant further affirmatively states Plaintiff's work quality was poor, and other staff members spent significant time correcting Plaintiff's work.  Defendant further affirmatively states, after Plaintiff told staff members of Defendant she was uncomfortable performing the job requirements of Drafter because she lacked sufficient experience in the role, Mr. Rasmusson attempted to keep Plaintiff occupied by giving her assignments related to logistics and equipment, including but not limited to monitoring Defendant's vehicles, tracking vehicle mileage, and reporting to Defendant's Accounting Department.  Defendant affirmatively states Plaintiff voluntarily assumed more administrative tasks, and on or about September 13, 2018, Plaintiff emailed Amanda Slatten, Defendant's Office Manager and Human Resources Representative, to advise Ms. Slatten that Plaintiff had effectively become an administrative staff member and liked this role much better.  Defendant affirmatively states, Ms. Slatten assisted in officially transitioning

Plaintiff to a full-time administrative position, and despite this change in job responsibilities, Plaintiff's rate of pay and job title remained the same. Defendant denies the remaining allegations of paragraph 23 of Plaintiff's Complaint.

24. In response to paragraph 24 of Plaintiff's Complaint, Defendant admits Plaintiff's job title remained that of Drafter even though Plaintiff voluntarily transitioned into a full-time administrative position at the same rate of pay. Defendant denies the remaining allegations of paragraph 24 of Plaintiff's Complaint.

25. In response to paragraph 25 of Plaintiff's Complaint, Defendant admits Plaintiff was not reinstated as Drafter and affirmatively states Plaintiff lacked sufficient experience and qualifications to perform the job responsibilities of Drafter, but denies the remaining allegations of paragraph 25 of Plaintiff's Complaint.

26. Defendant denies the allegations of paragraph 26 of Plaintiff's Complaint.

27. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 27 of Plaintiffs' Complaint and therefore denies same.

28. Defendant denies the allegations of paragraph 28 of Plaintiff's Complaint.

29. Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 29 of Plaintiffs' Complaint and therefore denies same.

30. Defendant denies the allegations of paragraph 30 of Plaintiff's Complaint. Defendant affirmatively states Plaintiff never informed Defendant she was hospitalized as a result of treatment by Mr. Rasmussen. Defendant affirmatively states Plaintiff requested a personal leave of absence as a result of the suicide of her friend, which Defendant granted, and following that leave, Plaintiff returned to work.

31.     In response to paragraph 31 of Plaintiff's Complaint, Defendant admits Plaintiff's employment was terminated as part of a reduction in force, but denies the remaining allegations of paragraph 31 of Plaintiff's Complaint.  Defendant affirmatively states, following Plaintiff's return from a personal leave of absence related to the suicide of Plaintiff's friend, Defendant implemented the decision to terminate Plaintiff's employment as part of a reduction in force, but the decision to terminate Plaintiff's employment had been made prior to Plaintiff's request for the personal leave of absence.  Defendant affirmatively states the decision to terminate Plaintiff's employment was made because Defendant's Rock Springs office had experienced a sudden downturn of work at the beginning of 2019, and that office lost two-thirds of its employees between January 21, 2019 and April 17, 2019.  Defendant affirmatively states, although Plaintiff had shifted to an administrative position, the Rock Springs office did not have enough work to keep her employed.

32.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 32 of Plaintiffs' Complaint and therefore denies same.

33.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 33 of Plaintiffs' Complaint and therefore denies same.

34.     Defendant denies the allegations of paragraph 34 of Plaintiff's Complaint.

## JURISDICTION AND VENUE

35.     In response to paragraph 35 of Plaintiff's Complaint, Defendant admits this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331.  Defendant denies Plaintiff states any cognizable claim against Defendant.  Defendant denies the remaining allegations of paragraph 35 of Plaintiff's Complaint.

36.     In response to paragraph 36 of Plaintiff's Complaint, Defendant admits it employs more than 50 employees.  Defendant affirmatively states the remaining allegations of paragraph 36

of Plaintiff's Complaint present determinations of law that do not require a response from Defendant. To any extent a response is required, the remaining allegations in paragraph 36 of Plaintiff's Complaint are denied.

37.     In response to paragraph 37 of Plaintiff's Complaint, Defendant admits this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331. Defendant denies Plaintiff states any cognizable claim against Defendant.  To the extent any further response is required, Defendant denies the remaining allegations of paragraph 37 of Plaintiff's Complaint.

38.     In response to paragraph 38 of Plaintiff's Complaint, Defendant admits venue is proper before this Court pursuant to 28 U.S.C. § 1391.  Defendant denies the remaining allegations in paragraph 38 of Plaintiffs' Complaint.

39.     In response to paragraph 39 of Plaintiff's Complaint, Defendant admits this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1367 for Plaintiff's state law claims. Defendant denies Plaintiff states any cognizable claim against Defendant.  To the extent any further response is required, Defendant denies the remaining allegations of paragraph 39 of Plaintiff's Complaint.

40.     In response to paragraph 40 of Plaintiff's Complaint, Defendant admits venue is proper before this Court pursuant to 28 U.S.C. § 1391.  Defendant denies the remaining allegations in paragraph 40 of Plaintiffs' Complaint.

## PARTIES

41.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 41 of Plaintiffs' Complaint and therefore denies same.

42.     In response to paragraph 42 of Plaintiff's Complaint, Defendant admits the allegations.

## ADMINISTRATIVE PROCEDURES

43.     In response to paragraph 43 of Plaintiff's Complaint, Defendant admits Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission and the Wyoming Department of Workforce Services.  Defendant affirmatively states Plaintiff's Charge of Discrimination in its entirety speaks for itself and denies all allegations in paragraph 43 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations of paragraph 43 of Plaintiff's Complaint.

44.     In response to paragraph 44 of Plaintiff's Complaint, Defendant admits the allegations.

45.     In response to paragraph 45 of Plaintiff's Complaint, Defendant admits a Notice of Right to Sue was issued by the United States Equal Employment Opportunity Commission on or about September 29, 2020.  Defendant affirmatively states the Notice of Right to Sue, in its entirety, speaks for itself and denies all allegations in paragraph 45 of Plaintiff's Complaint inconsistent therewith.  To the extent any further response is required, Defendant denies the remaining allegations contained in paragraph 45 of Plaintiff's Complaint.

## FRIST CLAIM FOR RELIEF – ADA FAILURE TO ACCOMMODATE – 42 U.S.C. § 12111 et. seq.

46.     In response to paragraph 46 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-45 of Plaintiff's Complaint as is set forth herein.

47.     Defendant denies the allegations of paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations of paragraph 48 of Plaintiff's Complaint.

49.     Defendant affirmatively states the allegations of paragraph 49 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the

extent any response is required, Defendant denies the allegations of paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations of paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations of paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations of paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations of paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations of paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations of paragraph 55 of Plaintiff's Complaint.

56.     Defendant denies the allegations of paragraph 56 of Plaintiff's Complaint.

57.     Defendant denies the allegations of paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations of paragraph 58 of Plaintiff's Complaint.

59.     Defendant denies the allegations of paragraph 59 of Plaintiff's Complaint.

60.     Defendant denies the allegations of paragraph 60 of Plaintiff's Complaint.

61.     Defendant denies the allegations of paragraph 61 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF – HARASSMENT – HOSTILE WORK ENVIRONMENT**
**Violation of the ADA, 42 U.S.C. § 12112(a) and/or 42 U.S.C. § 12203(b)**

62.     In response to paragraph 62 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-61 of Plaintiff's Complaint as is set forth herein.

63.     Defendant denies the allegations of paragraph 63 of Plaintiff's Complaint.

64.     Defendant affirmatively states the allegations of paragraph 64 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 64 of Plaintiff's Complaint.

65.    Defendant affirmatively states the allegations of paragraph 65 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 65 of Plaintiff's Complaint.

66.    Defendant denies the allegations of paragraph 66 of Plaintiff's Complaint.

67.    Defendant denies the allegations of paragraph 67 of Plaintiff's Complaint.

68.    Defendant denies the allegations of paragraph 68 of Plaintiff's Complaint.

69.    Defendant affirmatively states the allegations of paragraph 69 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 69 of Plaintiff's Complaint.

70.    Defendant denies the allegations of paragraph 70 of Plaintiff's Complaint.

71.    Defendant denies the allegations of paragraph 71 of Plaintiff's Complaint.

72.    Defendant denies the allegations of paragraph 72 of Plaintiff's Complaint.

73.    Defendant denies the allegations of paragraph 73 of Plaintiff's Complaint.

74.    Defendant denies the allegations of paragraph 74 of Plaintiff's Complaint.

75.    Defendant denies the allegations of paragraph 75 of Plaintiff's Complaint.

76.    Defendant denies the allegations of paragraph 76 of Plaintiff's Complaint.

**THIRD CLAIM FOR RELIEF – TITLE VII SEVERE AND PERVASIVE SEXUAL HARASSMENT AND HOSTILE WORK ENVIRONMENT – 42 U.S.C. § 2000(e)-2(a)**

77.    In response to paragraph 77 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-76 of Plaintiff's Complaint as is set forth herein.

78.     Defendant affirmatively states the allegations of paragraph 78 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 78 of Plaintiff's Complaint.

79.     In response to paragraph 79 of Plaintiff's Complaint, Defendant admits Plaintiff is a woman and affirmatively states the remaining allegations of paragraph 79 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the remaining allegations of paragraph 79 of Plaintiff's Complaint.

80.     Defendant affirmatively states the allegations of paragraph 80 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 80 of Plaintiff's Complaint.

81.     In response to paragraph 81 of Plaintiff's Complaint, Defendant is without sufficient knowledge or information to form a belief as to what Ms. Riley viewed and therefore denies same. To the extent any further response is required, Defendant denies the allegations of paragraph 81 of Plaintiff's Complaint.

82.     Defendant denies the allegations of paragraph 82 of Plaintiff's Complaint.

83.     Defendant denies the allegations of paragraph 83 of Plaintiff's Complaint.

84.     Defendant denies the allegations of paragraph 84 of Plaintiff's Complaint.

85.     Defendant denies the allegations of paragraph 85 of Plaintiff's Complaint.

## FORTH CLAIM FOR RELIEF – TITLE VII COMPENSATION DISCRIMINATION – 42 U.S.C. §2000(e)-2(a)

86.     In response to paragraph 86 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-85 of Plaintiff's Complaint as is set forth herein.

87.     In response to paragraph 87 of Plaintiff's Complaint, Defendant admits that Plaintiff was hired by Samuel Engineering in January of 2018. Defendant affirmatively states the remaining allegations of paragraph 87 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant. To the extent any response is required, Defendant denies the remaining allegations of paragraph 87 of Plaintiff's Complaint.

88.     Defendant denies the allegations of paragraph 88 of Plaintiff's Complaint.

89.     Defendant denies the allegations of paragraph 89 of Plaintiff's Complaint.

90.     Defendant denies the allegations of paragraph 90 of Plaintiff's Complaint.

91.     Defendant denies the allegations of paragraph 91 of Plaintiff's Complaint.

92.     Defendant denies the allegations of paragraph 92 of Plaintiff's Complaint.

93.     Defendant denies the allegations of paragraph 93 of Plaintiff's Complaint.

## FIFTH CLAIM FOR RELIEF – VIOLATION OF THE EQUAL PAY ACT 29 U.S.C. §§ 206(d)(1) & 215(a)(2)

94.     In response to paragraph 94 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-93 of Plaintiff's Complaint as is set forth herein.

95.     Defendant affirmatively states the allegations of paragraph 95 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant. To the extent any response is required, Defendant denies the allegations of paragraph 95 of Plaintiff's Complaint.

96.     Defendant denies the allegations of paragraph 96 of Plaintiff's Complaint.

97.     Defendant denies the allegations of paragraph 97 of Plaintiff's Complaint.

98.     Defendant denies the allegations of paragraph 98 of Plaintiff's Complaint.

99.     Defendant denies the allegations of paragraph 99 of Plaintiff's Complaint.

100.    Defendant denies the allegations of paragraph 100 of Plaintiff's Complaint.

101.    Defendant denies the allegations of paragraph 101 of Plaintiff's Complaint.

### SIXTH CLAIM FOR RELIEF – RETALIATION AND/OR CONSTRUCTIVE DISCHARGE BECAUSE OF SEX AND DISABILITY
#### 42 U.S.C. § 2000e-2(a) and 42 U.S.C. § 2000e-3(a)

102.    In response to paragraph 102 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-101 of Plaintiff's Complaint as is set forth herein.

103.    Defendant affirmatively states the allegations of paragraph 103 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 103 of Plaintiff's Complaint.

104.    Defendant affirmatively states the allegations of paragraph 104 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 104 of Plaintiff's Complaint.

105.    Defendant denies the allegations of paragraph 105 of Plaintiff's Complaint.

106.    Defendant denies the allegations of paragraph 106 of Plaintiff's Complaint.

107.    Defendant denies the allegations of paragraph 107 of Plaintiff's Complaint.

108.    Defendant denies the allegations of paragraph 108 of Plaintiff's Complaint.

109.    Defendant affirmatively states the allegations of paragraph 109 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the

extent any response is required, Defendant denies the allegations of paragraph 109 of Plaintiff's Complaint.

110.    Defendant affirmatively states the allegations of paragraph 110 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 110 of Plaintiff's Complaint.

111.    Defendant denies the allegations of paragraph 111 of Plaintiff's Complaint.

112.    Defendant denies the allegations of paragraph 112 of Plaintiff's Complaint.

113.    Defendant denies the allegations of paragraph 113 of Plaintiff's Complaint.

114.    Defendant denies the allegations of paragraph 114 of Plaintiff's Complaint.

**SEVENTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

115.    In response to paragraph 102 of Plaintiff's Complaint, Defendant incorporates by reference all answers to paragraphs 1-101 of Plaintiff's Complaint as is set forth herein.

116.    Defendant affirmatively states the allegations of paragraph 116 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 116 of Plaintiff's Complaint.

117.    Defendant denies the allegations of paragraph 117 of Plaintiff's Complaint.

118.    Defendant denies the allegations of paragraph 118 of Plaintiff's Complaint.

119.    Defendant denies the allegations of paragraph 119 of Plaintiff's Complaint.

120.    Defendant denies the allegations of paragraph 120 of Plaintiff's Complaint.

121.     Defendant is without sufficient knowledge or information to form a belief as to the truth of the allegations of paragraph 121 of Plaintiff's Complaint and therefore deny same.

122.     Defendant affirmatively states the allegations of paragraph 122 of Plaintiff's Complaint present determinations of law that do not require a response from Defendant.  To the extent any response is required, Defendant denies the allegations of paragraph 122 of Plaintiff's Complaint.

123.     Defendant denies the allegations of paragraph 123 of Plaintiff's Complaint.

124.     Defendant denies the allegations of paragraph 124 of Plaintiff's Complaint.

125.     Defendant denies the allegations of paragraph 125 of Plaintiff's Complaint.

126.     Defendant denies the allegations of paragraph 126 of Plaintiff's Complaint.

127.     Defendant denies the allegations of paragraph 127 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendant denies all the allegations following the heading "Prayer for Relief" in Plaintiff's Complaint including all the allegations in subparagraphs (A) through (F) and denies that Plaintiff is entitled to any of the relief or damages alleged or sought in the Plaintiff's Complaint.

## GENERAL DENIAL

Defendant denies each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.     Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief may be granted against Defendant.

2.     Plaintiff was an at-will employee whose employment with Defendant could have been terminated at any time, for any reason, with or without notice.

16

3.      Plaintiff could not perform the essential functions of her job, with or without reasonable accommodation.

4.      Plaintiff does not meet the definition of a "qualified individual with a disability" so as to garner statutory protections.

5.      Plaintiff's request(s) for accommodation were not reasonable.

6.      Plaintiff's request(s) for accommodation posed an undue hardship on the operation of Defendant's business.

7.      Defendant's actions respecting Plaintiff were taken for nondiscriminatory and nonretaliatory reasons.

8.      Plaintiffs cannot establish a causal connection between any of her common law or statutory rights and any adverse employment action.

9.      Upon information and belief, Plaintiff may have failed to mitigate her damages, if any, as required by law.

10.      At all times pertinent herein, Defendant acted in accordance with all common law, statutory, regulatory, and policy obligations and without any intent to cause Plaintiff any harm.

11.      Plaintiff's injuries and damages, if any, were not aggravated by any action or omission of or by Defendant nor were they proximately caused by or related to any act or omission of or by Defendant.

12.      Plaintiff's claims for damages are limited and/or subject to all applicable damages limitations and other similar provisions of both federal and Wyoming law.

13.      Plaintiff is not entitled to the relief sought in Plaintiff's Complaint under any of the theories asserted.

14.     All actions taken by Defendant with respect to Plaintiff were reasonable under the circumstances, taken in the course and scope of Defendant's employees' employment, in the good faith performance of their duties and responsibilities, for legitimate business reasons, for the purpose of serving Defendant and in the good faith belief that Defendant's employees acted in compliance with applicable laws and regulations, and all such actions were based on legitimate factors, with no action taken for inappropriate or illegal reasons or in retaliation for any action of Plaintiff.

15.     Plaintiff's claims for punitive or exemplary damages against the Defendant have no basis in fact or law and are barred, reduced, or in the alternative, are unconstitutional and would violate the Defendant's rights under the Due Process Clauses of the United States and Wyoming constitutions.

16.     Plaintiff's claims in whole or in part are precluded by the Plaintiff's failure to complain pursuant to the available policies of the Defendant.

17.     Some or all of Plaintiff's claims are barred by the exclusive remedy provision of the Wyoming Worker's Compensation Act.

18.     Defendant specifically reserves the right to amend its Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become applicable or non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations in the Plaintiff's Complaint in full, Defendant Samuel Engineering, Inc. moves the Court for an entry of an Order dismissing all elements of all claims against it in complete and total fashion, awarding it costs and attorney's fees, and ordering such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Defendant hereby demands a trial by jury on all issues so triable.

DATED this 26th day of March, 2021.

Respectfully submitted,


_s/Kendra K. Smith _____
Kendra K. Smith (admitted by pro hac)
Meggan J. Nicholas (7-4856)
Hall & Evans, LLC
1001 17th Street, Suite 300
Denver, Colorado 80202
Telephone: (303) 628-3300
Facsimile: (303) 628-3800
smithk@hallevans.com
nicholasm@hallevas.com
***Attorneys for Defendant Samuel Engineering, Inc.***

19

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 26th day of March, 2021, I electronically filed the foregoing **DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT AND DEFENDANT'S DEMAND FOR JURY TRIAL** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses

*Attorneys for Plaintiff*

Andrea L. Richard
The Richard Law Firm, P.C.
P.O. Box 1245
Jackson, Wyoming 83001
Telephone: (307) 732-6680
andrea@arichardlaw.com

  *s/ Nicole Marion,* legal assistant to
Kendra K. Smith